[Dkt. No. 1]

```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE


NAEEM COTTON            :
                        : Civil Action No. 12-1198 (RMB)
                        :
     v.                 :          OPINION
                        :
                        :
UNITED STATES OF AMERICA :
```

THIS MATTER comes before the Court upon the motion of Petitioner, Naeem Cotton ("Petitioner" or "Cotton"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is **DENIED**.

I.   **PROCEDURAL HISTORY**

On July 28, 2009, a federal grand jury sitting in Camden, New Jersey returned a one-count indictment charging Cotton with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On December 8, 2009, without the benefit of a plea agreement, Cotton pled guilty to the Indictment.

The Probation Office concluded that the Defendant's total Offense Level was 23, his Criminal History category was VI, and the advisory Guideline range was 92-115 months.

On May 18, 2010, the Court held Cotton's sentencing. At sentencing, Cotton was represented by Assistant Federal Defender

Thomas Young, Esq.  Much of the hearing was devoted to the first step of the sentencing process: the calculation of the advisory Guideline range, with the central issue being the applicability of United States Sentencing Guideline ("USSG"), Section 2K2.1(b)(4)(A)(whether the firearm was stolen).  After hearing testimony and the arguments of counsel, the Court concluded that the Government had satisfied its burden of showing that Cotton possessed a stolen firearm and therefore applied the two-level enhancement under Section 2K2.1(b)(4)(A)(6).

At the second step of the sentencing process, the Court heard arguments regarding Cotton's motion for a downward departure. Counsel presented two grounds for departure: (a) over-representation of criminal history (USSG § 4A1.3); and (b) the proposed changes to eliminate the so-called "recency" provision under USSG § 4A1.1(e).  Section 4A1.1(e) of the 2009 version of the USSG stated that, when calculating a defendant's criminal history points at step one of the sentencing process, the Court should add "2 points if the defendant committed the instance offense less than two years after release from imprisonment on a sentence counted under (a) or (b) . . . ." USSG § 4A1.1(e).  Counsel for Petitioner argued that because the Sentencing Commission adopted an amendment to the Guidelines that would eliminate the "recency" provision from the version of the Guidelines effective in only a few months (November 1, 2010) from

the sentencing date, the Court should depart downward to reflect what the advisory Guideline range would have been had the "recency" provision already been eliminated. In making this argument, counsel stated that he did not "want to[,] and recognizing that the 'recency' argument can be made at Steps 2 and 3 of Sentencing[,] exhaust [his] arguments about [§ 4A1.1(e)] because [he has] a few more things to say about § 3553(a) and how that also dovetails into that, but as far as the departure motion goes, I'll leave it at that for now, but I might revisit a few of these themes." [Sentencing Hearing Tr. at 39.]

  At the time of sentencing, Section 4A1.1(e) remained in full force and effect.  After hearing the Government's opposition to the Defendant's motion for downward departure, the Court denied Cotton's departure motion. The Court recognized that it had the authority to depart and expressly stated that it "will consider . . . both a variance argument and a departure argument, that the Guideline Commission is contemplating or has recommended that [Section] 4A1.1(e) be deleted from the guidelines as to the recency provision and they have put that to Congress for consideration." (Sentencing Hear'g Tr. at 43).  The Court continued, holding that "the fact that the recency provision is still in existence today, to the extent it's to be determined a departure motion...[the court] decline[s] to depart on that

ground as well." (Sentencing Hear'g at Tr. at 45).

At the third step of sentencing, the Court heard arguments from the parties and gave Cotton an opportunity to speak. The Court also "considered [the argument under § 4A1.1(e)] in the context of a variance argument" from defense counsel. (Sentencing Hear'g Tr. at 45.)  When making its findings on the record regarding the sentencing factors under 18 U.S.C. § 3553(a), the Court stated "[a]nd so that the record is quite clear, [defense counsel] has argued that if this sentencing were to occur in the fall and Congress were to adopt the Sentencing Commission's recommendation that the recency provision, 4A1.1(e), not apply and that would have afforded a downward adjustment of 2 points, that I nonetheless would have given the same sentence." (Id. at 86).  Hence, the Court was clear that it had varied downward and calculated a Criminal History Category of V (resulting in a guideline range of 84-105 months), but stated that even with the lack of recency provision in the Guidelines it would give the same sentence. (Id. at 87). The Court then imposed a sentence of 105 months in prison and three years of supervised release. (Id. at 88-89].

Cotton filed a timely appeal in which he argued that the Court abused its discretion by enhancing the defendant's sentence for the gun being stolen.  The Third Circuit Court of Appeals affirmed the Court.  See United States v. Cotton, 415 Fed. Appx.

4

403 (3d Cir. 2011).

On February 28, 2012, Cotton filed this petition to vacate his sentence.  On February 29, 2012, the Court issued a Notice and Order under United States v. Miller, 197 F.3d 644 (3d Cir. 1999) advising the Petitioner of his rights and ordering that he inform the Court of his decision within forty-five days. [Docket Item No. 2.]  The Court received no response and Ordered the United States to file an answer to the Section 2255 petition.

## II.     LEGAL ANALYSIS

A petition under 28 U.S.C. § 2255 is a collateral attack on the legality of a sentence.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D.N.J. 1990).  Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ., or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . .

The grounds for collateral attack on a sentence pursuant to Section 2255 are limited, see United States v. Addonizio, 442 U.S. 178, 184 (1979), and the petitioner in a Section 2255 case bears the burden of establishing any claim asserted in the petition.  See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985).  A motion under Section 2255 will be

granted only if the sentence results "in a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); United States v. Cleary, 46 F.3d 307, 311 (3d Cir. 1995).

Here, Petitioner claims that the "fundamental defect" warranting habeas relief is that counsel was ineffective at sentencing. Specifically, Cotton argues that his counsel was ineffective at sentencing in two ways. First, Cotton contends that counsel failed to "mov[e] this Court to exercise its discretion and disregard USSG § 4A1.1(e) as a policy disagreement and fail[ed] to distinguish whether he made a request departure [sic] or variance request." [Petition, at 5]. Specifically, Cotton claims that counsel's performance was constitutionally deficient because counsel "failed [Cotton] on the second and third steps" of the sentencing process by not properly presenting "the 'recency' issue to the Court," and counsel "froze-up" and abandoned the issue at sentencing and on appeal and failed to "formally preserve the issue." [Petition, at 7, 8]. This failure on the part of counsel, according to Cotton, "caused [him] to receive more time [in prison] than he would otherwise have received" because his advisory guideline range would have been "77-to-96 months" had the argument been properly raised, not "92-to-115 months" as calculated by the

6

Court. [Petition, at 11]. Cotton asserts that, had he known counsel would not advance the issue of the impending elimination of the "recency" provision, Cotton would not have "enter[ed] into his agreement with the government, and plead[ed] guilty." [Petition, at 9.] As the government points out, however, it is unclear what agreement Petitioner is referring to as there was no plea agreement here.

Second, Cotton claims counsel was ineffective by failing to "object to the government's use of sentencing factors" that "prejudiced [him] by allowing him to be sentenced to a higher range." [Petition, at 12]. Cotton explains that counsel should have objected to the Government's use of Cotton's August 19, 2005, New Jersey state court drug distributions convictions as the predicate offenses.

Under Strickland v. Washington, to establish a claim of ineffective assistance of counsel in violation of his Sixth Amendment rights, Petitioner must show *both* that: (1) counsel's performance fell below an objective standard for reasonableness under prevailing standards of professional norms; and (2) that counsel's failures prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Sanders, 165 F.3d 248, 250 (3d Cir. 1999). To satisfy the first prong of the Strickland test, Petitioner must show that counsel's performance was not only deficient, but fell below "prevailing professional norms"

and was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. For example, counsel's failure to protect the defendant's right to testify would render his or her performance "below the constitutional minimum" and thereby violate the first prong of Strickland. United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992). But, under Strickland, trial counsel's "strategic choices . . . are virtually unchallengeable," Strickland, 466 U.S. at 690, and a court "reviewing counsel's performance must be highly deferential." United States v. Lore, 26 F. Supp.2d 729, 738 (D.N.J. 1998)(Rodriguez, J.)(citing Strickland, 466 U.S. at 689).

To satisfy the second prong of the Strickland test, the Petitioner must demonstrate that he or she suffered prejudice as a result of counsel's deficiency. Strickland, 466 U.S. at 689. Prejudice means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome" of the case. Id. at 694. Moreover, nothing prevents a court from analyzing whether the petitioner has proven prejudice, and after concluding that the petitioner has not, denying the petitioner's claim without ever analyzing counsel's performance. Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

8

prejudice, . . . that course should be followed"); Smith v. Robbins, 528 U.S. 259, 286, n. 14 (2000).

Initially, Cotton cannot satisfy the second prong of the Strickland test.  First, Cotton cannot show prejudice as a result of counsel's argument about the proposed elimination of the "recency" provision.  Cotton argues that, had counsel properly raised this issue, the Court would not have added two criminal history points and therefore would have sentenced him to a lesser sentence.  The record, however, reflects quite the opposite.  At sentencing, the Court expressly stated that it would have sentenced Cotton to a 105-month sentence regardless of the outcome of the Cotton's "recency" argument and any commensurate recalculation of the advisory Guideline range.  See Sentencing Hear'g Tr. at 86.  The Court explained that, even if Section 4A1.1(e) had been eliminated and did not apply (thereby reducing Cotton's criminal history points by two and making him a Criminal History Category V rather than VI), the Court "nonetheless would have given the same sentence." Id. at 86.  Recognizing that accepting the "recency" provision argument advanced by counsel would result in Cotton having a Criminal History Category of V (compared with VI), and therefore, a Guideline range would be 84 to 105 months (not 92 to 115 months), the Court was clear that the result would have been the same – a 105-month sentence:

> I certainly recognize that I have the authority to vary on ["recency" provision] ground[s]. At this juncture, I

>       choose not to. *But if it were to be determined that should [I] have varied downward because of that lack of recency provision, I would still be giving the same sentence that I'm about to impose.*

Id. at 87. (emphasis added).  Thus, because Cotton cannot show that he was prejudiced (i.e., that he would have received a more lenient sentence than the 105-month term or the results of the sentencing would somehow have been different) even if counsel had been successful in advancing the argument Cotton now suggests, his petition will be denied on this ground.  See Strickland, 466 U.S. at 697.

Nor can Cotton show prejudice in counsel's failure to object to the use of Cotton's two drug-distribution convictions from August 19, 2005 as predicate offenses under USSG § 2K2.1(a)(2) and the subsequent calculation of a Base Offense Level of 24. Both drug-distribution convictions were properly considered at the first step of sentencing as predicate offenses under Section 2K2.1(a)(2).

Section 2K2.1(a)(2) of the USSG subscribes a base offense level of 24 if a defendant has committed the instant offense subsequent to sustaining at least two felony convictions for crimes of violence or controlled substance offenses.  See USSG § 2K2.1(a)(2).  A "controlled substance offense" for Section 2K2.1(a)(2) purposes is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution . . . of a controlled substance

10

. . . or the possession of a controlled substance . . . with intent to . . . distribute." USSG § 2K2.1 App. Note 1; USSG § 4B1.2(b).

Both Cotton's convictions for "possession of CDS with intent to distribute within 1,000 feet of a school" for which he was arrested on August 19, 2004 and March 15, 2005 (and sentenced to four years imprisonment on August 15, 2005) squarely fit into the definition of "controlled substance offenses" and were properly considered as predicate offenses for Section 2K2.1(a)(2). As such, any objection by counsel at sentencing that the Court should not consider these offenses as predicates would have been entirely without merit. Accordingly, Cotton cannot show that he was prejudiced and his petition will be denied on this ground. See Strickland, 466 U.S. at 697.

Finally, Cotton has not shown that counsel's performance was "outside the wide range of professionally competent assistance" (in satisfaction of the first prong of the Strickland test). Strickland, 466 U.S. at 690.  Cotton alleges that, during the sentencing hearing, counsel "failed [Cotton] on the second and third steps" of the sentencing process when he did not properly present "the 'recency' issue to the Court." [Petition at 7, 8]. To the contrary, the transcript of the sentencing hearing makes clear that counsel did in fact raise the issue of the impending elimination of the "recency" provision at both the second *and*

11

third steps of sentencing.  At step two of the sentencing process, counsel moved for a downward departure, stating "and this I think you Honor, may also — may fall under the 3553(a) factors, may be a variance argument as well, so I would like to maybe reiterate that argument briefly when I [argue for a] variance . . . that the U.S. Guideline Commission is proposing that there be an elimination of the recency provision." (Sentencing Hear'g Tr. at 37-38).  It is clear that counsel recognized that his argument based on the proposed Guideline was properly made as a motion for downward departure and variance but that counsel was making the "recency" provision argument, at that stage, as a departure motion.  It is also clear that the Court recognized that counsel's argument was first made as a departure motion.  (Sentencing Hear'g Tr. at 43.)(The Court "consider[ed] [the argument] both [as] a variance argument and a departure argument, that the Guideline Commission is contemplating or has recommended that 4A1.1(e) be deleted from the guidelines as to the recency provision . . . .")  Ultimately, at step two, the Court denied "the downward departure" finding that "the fact that the recency provision is still in existence today, to the extent it's to be determined a departure motion . . . [the Court] decline[s] to depart on that ground." (Id. at 44-45).  There can be little doubt that counsel properly raised the "recency" argument at the second step of sentencing.

The record is equally clear that counsel revived the argument regarding the proposed elimination of the "recency" provision when he argued for a downward variance at the third step of sentencing. Counsel confirmed that he was indeed making a "recency" provision argument to support a request for downward variance after the Court summarized the argument. (See id. at 44-45) Clearly, the Court considered counsel's "recency" provision argument as a downward variance motion before rejecting it. (Id. at 45.)

In sum, Cotton's allegations of ineffectiveness of counsel are unsupported by the record and meritless. The Petition will therefore be denied in its entirety.

### III. CONCLUSION

For the foregoing reasons, Cotton's motion to vacate the sentence and dismiss his petition under 28 U.S.C. § 2255 on the merits is denied without an evidentiary hearing.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: February 21, 2013